

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack Borden
County Attorney
Parker County
Weatherford, Texas

Dear Sir:

Opinion No. 0-3476
Re: Is it necessary for the
county clerk to open and
close the probate minutes
each month? Does each
month constitute a separate
term of the probate court?

    Your request directed to Gerald C. Mann, Attorney
General of Texas, has been received and its contents noted,
wherein your legal questions are as follows:

    Is it necessary for the County Clerk of Parker
County to open and close the Probate Minutes of his Court
each month?

    Does each month constitute a separate term of the
probate court?

    Your attention is directed to the Acts of 1929, 1st
Called Session of the Texas Legislature, Page 107, Chapter 48,
amending Articles 1961 and 1965, Civil Statutes of Texas, the
caption of which reads:

> "An Act to provide that all citations and
> notices issued by the County Clerk on
> applications for the probate of a writ-
> ten will or for letters of administration,
> or on applications for the appointment of
> a guardian, shall be returnable to the
> court from which issued on the first Mon-
> day after the service is perfected, and
> said returnable date shall constitute ...

Honorable Jack Borden, Page 2

the term of the probate court for action on said applications; providing that the time be fixed for service of citations; amending Article 1961 of the Revised Civil Statutes of 1925 so as to provide that the probate court shall be open at all times for the transaction of probate business; amending Article 1965 so as to provide that the probate minutes shall be approved by the presiding judge every thirty (30) days; repealing Article 1967 of the Revised Civil Statutes for 1925, and all other laws in conflict with this Act; and declaring an emergency."

The emergency clause of this Act starts with the following:

"The fact that the terms of probate court should be shorter than now provided by law, creates an emergency * * *."

Articles 1961 and 1965, Vernon's Annotated Civil Statutes of Texas, are as follows:

"Art. 1961. The County Court shall hold at least four terms for both Civil and Criminal business annually, and such other terms each year as may be fixed by the Commissioners' Court. After having fixed the times and number of the terms of a County Court, they shall not change the same until the expiration of one year. Until, or unless otherwise provided, the term of the County Court shall be held on the first Monday in February, May, August and November, and may remain in session three weeks; provided said court shall be open at all times for the transaction of probate business.

"Art. 1965. The Minutes of the proceedings of each preceding day of the session shall be read in open court on the morning of the succeeding day, except on the last day of the session, on which day they shall be read, and if necessary be corrected, and signed in open Court by the County Judge. Each Special Judge shall sign the Minutes

Honorable Jack Borden, Page 3

of such proceedings as were had before him;
provided the Probate Minutes of said Court
shall be approved and signed by the presiding
Judge on the first day of each month, except,
however, that if the first day of the month
falls on a Sunday, then such approval shall be
entered on the preceding day."

Article 3310a, Civil Statutes of Texas, as amended by
Acts 1931, 42nd Legislature, Page 210, Chapter 123, and relative
to return of citations and notices in probate matters, has the
concluding part of Section 2 thereof:

"* * *. Any probate statute now in force
and not hereby repealed by other provisions of
this Act, using the expression 'at the next
term of court,' or 'next regular term,' or
'during term time', or other similar expressions
shall be so construed as to conform to this Act,
and are hereby amended and modified as to ac-
complish the purposes set out in this Act."

It is apparent that the purpose of the Legislature in
its recent enactments was to create a continuous session of the
county court to entertain probate matters, but not to alter the
existing law as to terms for civil and criminal business. The
above said Articles 1961 and 1965 reading precisely the same
prior to amendment as to terms for civil and criminal business,
our Constitution, Section 29, Article 5, governing and an author-
ity setting forth the rule is found in Farrow v. Stab Ins. Co.,
273 S. W. 318.

You are advised that it is the duty of the County Clerk
of Parker County to incorporate all probate orders in the minutes
for the signature of the County Judge on the first day of each
month, or the second, providing the first comes on Sunday. Thus,
the minutes will be reflected from month to month. However, there
is no limitation or spaced time for the function of probate pro-
cedure, for in the legal sense, the term is continuous.

APPROVED MAY 20, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

PC:RS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat Coon
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN